IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>PAUL Z. SINGER and SINGER FINANCIAL CORP.,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 17-cv-5053 |

## FINAL JUDGMENT AS TO DEFENDANTS
## PAUL Z. SINGER AND SINGER FINANCIAL CORP.

The Securities and Exchange Commission having filed a Complaint and defendants Paul Z. Singer ("Singer") and Singer Financial Corp. ("SFC") (collectively, "Defendants") having entered general appearances; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in Paragraph IX); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77e by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of his Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Singer is restrained and enjoined from participating directly or indirectly, including, but not

limited to, through any entity owned or controlled by him, in the issuance, purchase, offer, or sale of any security in an unregistered offering by an issuer for a period of five years from the date of this Final Judgme t.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severa ly liable for disgorgement of $3,589,402.90 (the "Disgorgement"), together with prejudgment interest thereon in the amount of $186,513, for a total of $3,775,915.90. Defendants shall satisfy this obligation pursuant to the terms of the payment schedule set forth in Paragraph V below after entry of this Final Judgment.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall jointly and severally pay a civil penalty in the amount of $75,000 to the Securities and Exchange Commission pursuant to 15 U.S.C. § 77t(d). Defendants shall make this payment within 14 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Paul Z. Singer and Singer Financial Corp. as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission shall hold the funds (collectively, the "Fund") pending Defendants' completion of their disgorgement obligations set forth in Paragraph V below, and may propose a plan to distribute the funds subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are is entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such

a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the disgorgement set forth in Paragraph III above shall be deemed satisfied by the repayment of the Promissory Notes issued by Defendants between July 11, 2012 and July 16, 2015 as detailed on Schedule A (the "Promissory Notes") as follows:

(a)     Upon receipt of the certified letter described in Paragraph VIII(a) below, any Promissory Note holder may, within ninety (90) days of receipt of the certified letter, notify Defendants of their intent to redeem a Promissory note. If such request is made, Defendants shall, within (90) days, pay to the Promissory Note holder the amount equal to the principal of the Promissory Note plus any accrued interest. To the extent that Defendants repay any Promissory Notes pursuant to this subsection (a), Defendants shall not be responsible for the payment of any interest on any such Promissory Note accrued beyond the date on which the Promissory Note holder requests the repayment of their principal and accrued interest;

(b) Promissory Notes not paid pursuant to subsection (a) that mature on or before June 30, 2023 shall be paid as per the terms of the Promissory Notes. Until maturity, all interest shall continue to accrue or be paid on a periodic basis as originally elected by each Promissory Note holder;

(c) Promissory Notes not paid pursuant to subsection (a) that reach maturity after June 30, 2023 shall nevertheless be paid on or before June 30, 2023, together with any accrued but unpaid interest as of June 30, 2023. Until June 30, 2023, all interest shall continue to accrue or be paid on a periodic basis as originally elected by each Promissory Note holder; and

(d) The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law). Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VI.

To secure the disgorgement obligations under this Final Judgment, the Commission will file this Judgment against the following properties:

(a) the real property owned by SFC located at 1708 Locust Street, Philadelphia, PA 19103; the real property owned by SFC located at 4462 Boyertown Pike, Reading, PA 19606; the real property owned by SFC located at 3 Lots Bittenbender Drive, Saylorsburg, PA 18353; the real property owned by Singer located at 658 Point Phllips Road, Bath, PA 18014; the real property owned by Singer located at 69 East Seven Stars Road, Phoenixville, PA 19460; the real property owned by Singer located at 729 Newark Road, Landenberg, PA 19350; the real property

owned by Singer located at 1550 Pottstown Pike, Glenmoore, PA 19343; the real property owned by Singer located at 17 Ravine Road, Malvern, PA 19355; the real property owned by Singer located at 1040 Riverview Road, Dauphin, PA 17018; the real property owned by Singer located at 630 Kurtzmill Road, Mohnton, PA 19540; the real property owned by Singer located at 618 Kurtzmill Road, Mohnton, PA 19540; the real property owned by Singer located at 1768-1770 Hurfville Road, Sewell, NJ 08080; and the real property owned by Singer located at 1750 Hurfville Road, Sewell, NJ 08080.

(b) If Defendants sell any real property in the foregoing subsection (a), the Commission staff will not unreasonably withhold consent to any proposed sale of real property, and will indicate its consent to any proposed sale of real property for fair market value within ten (10) business days of receiving notification of the terms of the sale. If the Commission consents to the proposed sale, Commission staff will, within ten (10) days of notifying the Defendants of the approval, provide to Defendants signed documentation prepared by Defendants to appropriately release the lien or encumbrance on the asset to be sold with the appropriate county recorder of deeds and/or provide the release to a closing agent designated by Defendants in order to allow the sale of the real property to close. If the staff does not provide Defendants with the necessary documentation to release the lien within ten (10) days, Defendants may petition the Court to release the lien.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall make the following disclosures to the Court and the Commission staff to Brendan P. McGlynn, Assistant Regional Director, 1617 John F. Kennedy Boulevard, Suite 520, Philadelphia, PA 19103:

(a) Collectible Coins

  i. Within ten (10) days of the filing of the Final Judgment, Defendants shall report the current market value and the valuation method used to assign market value of the 1,340 collectible gold coins and bars and 4,861 silver coins and bars purchased by Singer from Republic Monetary Exchange, K&K Clark Ent. Inc., and/or Investment Rarities between March 15, 2009 and July 21, 2015 (collectively the "Collectible Coins").

  ii. Defendants shall update the report of the Collectible Coins on a quarterly basis, including the physical location of the Collectible Coins, the current market value of the Collectible Coins and valuation method used to assign market value, and disclose any sale, transfer, or other disposal of the Collectible Coins and the proceeds realized from such sale.

  iii. Defendants shall provide on a quarterly basis a letter from the custodian of the Collectible Coins confirming the physical location of the Collectible Coins, the types of Collectible Coins held, and value of the Collectible Coins.

(b) Promissory Note Status

  i. Defendants shall report and attest on a quarterly basis to the balance of unpaid principal and interest calculated through June 30, 2023 on the Promissory

       Notes.

ii.    Defendants shall provide to the Commission staff proof of all amounts paid by Defendants pursuant to the terms of the Promissory Notes and/or the Final Judgment, in the form of copies of the endorsed check bearing each Promissory Note holder's signature.

iii.    The Commission staff may also seek proof of payment from any Promissory Note holder.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein including, but not limited to, the undertakings to:

(a)    Within thirty (30) days of the entry of the Final Judgment, Defendants shall provide all holders of the Promissory Notes as detailed on <u>Schedule A</u> with a letter via certified mail in a form not unacceptable to the Commission's staff that attaches a copy of the Commission's Complaint and the Final Judgment and includes a description of the repayment terms described in Paragraphs III and V above; attaches copies of the financial statements for SFC for the periods ending December 31, 2015, December 31, 2016, and December 31, 2017; and discloses the terms of the financial transactions between SFC and Julia Two Corp., Leah One Inc., or Vass Inc., including, but not limited to, the date of each transaction, the amount of each transaction, the repayment terms, the interest rate, the total amount of accrued interest to date, the maturity date, any collateral securing the

|     |     |
| --- | --- |
|     | financial obligation (including a description of the collateral, its value, and how that value was determined), and any consequences in the event of default. |
| (b) | Within fourteen (14) days after the entry of the Final Judgment, pay the penalty provided for in Section 2(d) above; and |
| (c) | Certify, in writing, compliance with the undertakings set forth above. The certification shall identify the undertakings, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant Singer agrees to provide such evidence. Defendants Singer and SFC shall jointly submit the quarterly reports, certification and supporting material to Brendan P. McGlynn, Assistant Regional Director, with a copy to the Office of Chief Counsel of the Enforcement Division, no later than sixty (60) days from the date of the completion of each undertaking. |

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant Singer, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Singer under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Singer of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: __July 24__, 2018

_____
EDWARD G. SMITH
UNITED STATES DISTRICT JUDGE

The Clerk of Court shall mark this case closed for statistical purposes.